IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER LOGAN DOUGLAS<br>OHIO #744-414 | §<br>§<br>§ | |
| V. | § | A-21-CV-617-RP |
| | § | |
| DEPARTMENT OF TREASURY -<br>INTERNAL REVENUE SERVICE | §<br>§<br>§ | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Statement of the Case**

Before the Court is Plaintiff Alexander Logan Douglas's complaint. Plaintiff is incarcerated in the Mansfield Correctional Institution in Ohio. The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff complains he has not received from the Internal Revenue Service (IRS) his three or four Economic Impact Payments pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). Plaintiff indicates he filed the

requisite 1040 tax form. Although Plaintiff's complaint is not a model of clarity, he appears to request the Court to order the IRS to mail him his stimulus checks.

## II. Discussion and Analysis

1.      Standard of Review

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient to state a claim upon which relief may be granted. *Id.*

        2.        <u>Tax Refund Request</u>

The CARES Act established a tax credit to eligible individuals and is an advance refund of the tax imposed under subtitle A of the tax code. *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1021 (2020). The CARES Act provided that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Id.* (quoting 28 U.S.C. § 6428(f)(1)). Therefore, the Act provides "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Scholl*, 489 F. Supp. 3d at 1021.

Pursuant to 28 U.S.C. § 1346(a), the United States consents to be sued in the district court for refund of taxes. But, the United States consents to be sued for a tax refund only where the taxpayer has followed the conditions set forth in 26 U.S.C. § 7422(a), which states: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the tax code by filing an administrative claim with the IRS. *United States v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008); *see* 26 U.S.C. § 7422(a). To overcome sovereign immunity in a tax refund action, a taxpayer must file a refund

claim with the IRS within the time limits established by the Internal Revenue Code. *Duffie v. United States*, 600 F.3d 362, 384 (5th Cir. 2010).

While Plaintiff alleges he filed a tax return, he fails to allege he filed an administrative claim as required by section 7422(a) of the Internal Revenue Code. Because Plaintiff has not exhausted his administrative remedies, the Court lacks jurisdiction over Plaintiff's request for a tax refund at this time.

### 3. Constitutional Violations

To the extent Plaintiff is suing the IRS for violations of his constitutional rights his claims are barred by sovereign immunity. *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (finding no direct cause of action for damages against federal agency because of sovereign immunity).

### III. Recommendation

It is therefore recommended that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

### IV. Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on August 25, 2021.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE